UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                         Case No. 06-11077-DHW
                                              Chapter 13
JOHNNY WAYNE DAWSEY
KIMBERLY GLANTON DAWSEY,

       Debtors.

JOHNNY WAYNE DAWSEY
KIMBERLY GLANTON DAWSEY,

       Plaintiffs,            Adv. Pro. No. 07-1011-DHW
  v.

CITIFINANCIAL AUTO CORPORATION,

       Defendant.

MEMORANDUM OPINION

    The plaintiffs, Johnny and Kimberly Dawsey, filed this adversary proceeding requesting redress for an alleged violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 *et seq.* The alleged violation arises from a consumer credit transaction with Mitchell Nissan in September 2003 which was assigned to the defendant CitiFinancial Auto Corporation.

    The defendant filed a motion to compel arbitration, and the plaintiffs filed a motion for leave to amend the complaint. The motions came on for hearing on March 29, 2007 at which the parties presented oral arguments in support of and opposition to the motions. The court took the motions under advisement at the close of the hearing.

Plaintiffs' Motion to Amend Complaint

The original complaint is not clear. Paragraphs one and four claim damages "by way of recoupment" for the alleged TILA violation. However, the final paragraph requests an affirmative judgment for damages, actual and statutory, plus attorney's fees and costs.

The plaintiffs move to amend the complaint to state as follows:

> The Complaint which is filed in way of counterclaim to the proof of claim of the Debtors includes a claim for damages by way of recoupment pursuant to the Truth In Lending Act (TILA) 15 U.S.C. § 1601 et seq. to reduce the proof of claim filed by the Defendant for actual damages, statutory damages and to award costs including reasonable attorney fees by reason of Citifinancial's violation of TILA and regulations thereunder 12 C.F.R. § 226.

Therefore, the amended complaint will request actual and statutory damages solely by way of recoupment through a reduction in the defendant's proof of claim. The plaintiffs will still seek an affirmative award of attorney's fees and costs.

Because the defendant has filed an answer to the complaint, the plaintiffs may amend the complaint only "by leave of court or by written consent of the adverse party." Fed. R. Civ. Proc. 15(a) (made applicable to bankruptcy proceedings by Fed. R. Bankr. Proc. 7015). The rule instructs that "leave shall be freely given when justice so requires." The Supreme Court dictates exercise of the court's discretion as follows:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

2

Case 07-01011    Doc 13    Filed 04/17/07    Entered 04/17/07 10:14:21    Desc Main
                        Document      Page 2 of 8

> opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). In applying these factors, "the court should draw inferences in favor of granting the motion to amend." 1 James Wm. Moore et al., *Moore's Manual: Federal Practice and Procedure* § 9.51[4][b] (2006).

The plaintiffs filed this adversary proceeding on January 24, 2007. The plaintiffs filed the motion for leave to amend on March 27, 2007, about 30 days after the answer was filed and shortly before the scheduling conference was held on March 29, 2007. The motion states that no discovery has been commenced. The plaintiffs contend that the defendant will not be prejudiced by the amendment at this early stage of the proceeding.

The defendant counters that the sole purpose of the amendment is to attempt to bring the complaint within the statute of limitations for asserting a TILA violation. However, this is not the type of prejudice contemplated by Rule 15. Merely because the amendment may remove a potential legal defense does not mean that the defendant suffers undue prejudice. See *Hanflik v. Ratchford*, 848 F. Supp. 1539, 1543 (N.D. Ga. 1994). An almost opposite scenario occurred in *Hanflik* where the court allowed a defendant to amend the answer to assert a statute of repose defense. The court stated, "[t]o the extent that plaintiffs are prejudiced because they are less likely to ultimately prevail in their lawsuit, this type of 'prejudice' does not appear to the Court to be the type that would warrant the disallowance of the amendment, pursuant to Eleventh Circuit precedent." *Hanflik*, 848 F. Supp. at 1543. *See Foman v. Davis*, 371 U.S. 178 (1962) (reversing lower court decision denying motion to amend complaint to allege alternative theory of recovery).

In addition, the court notes that the amendment seeks more to clarify an ambiguity in the original complaint than to assert new relief. *See Hanflik*, 848 F. Supp. at 1542. The original complaint contains two statements that the plaintiffs seek monetary relief or damages "by way of recoupment." Therefore the defendant has been on notice since service of the original complaint that the plaintiffs may be seeking relief via recoupment.

The court concludes that the amendment will not result in undue prejudice to the defendant. Neither does the court find any bad faith, undue delay, or dilatory motive on the part of the plaintiffs. The motion to amend will be granted by separate order.

## Defendant's Motion to Compel Arbitration

The defendant filed a motion to compel arbitration of the complaint. The court will review the motion as applied to the complaint as amended.

The plaintiffs executed an arbitration agreement in connection with the consumer credit transaction in September 2003 pursuant to which the plaintiffs purchased an automobile. The plaintiffs filed a case under chapter 13 in September 2006. CitiFinancial filed a proof of claim in the amount of $16,821.88. The debtors provided for payment of the claim as secured in the amount of $8,965, the value of the vehicle. The plan, which proposes $2,000 pro rata to unsecured creditors, was confirmed on February 12, 2007. The plaintiffs filed this adversary proceeding on January 24, 2007 requesting relief for the defendant's alleged violation of TILA.

The plaintiffs oppose the motion on only two grounds. First, the plaintiffs assert that the amount of the claim excludes it from the scope of the arbitration agreement. Second, the plaintiffs contend that this is a core proceeding which the court has discretion to retain.

The arbitration agreement excludes the following:

4

Case 07-01011   Doc 13   Filed 04/17/07   Entered 04/17/07 10:14:21   Desc Main
Document    Page 4 of 8

> Any matter where all parties collectively . . . seek monetary relief in the aggregate of $15,000 or less in total relief, including but not limited to compensatory, statutory and punitive damages; restitution; disgorgement, costs and fees (including attorney's fees)

The plaintiffs have couched the amended complaint as a counterclaim to the defendant's proof of claim. Therefore, it is appropriate to include the claim of the defendant as part of this proceeding.[1] The defendant has filed a proof of claim in the amount of $16,821.88, which exceeds the $15,000 threshold. Therefore, this proceeding falls within the scope of the arbitration agreement.

The plaintiffs also contend that this is a core proceeding which the court has discretion to retain. The defendant contends that this is a non-core proceeding which the court has no discretion to retain.

The Eleventh Circuit has recently addressed the law controlling the intersection of arbitration and bankruptcy. *See The Whiting-Turner Contracting Co. v. Electric Machinery Enterprises, Inc. (In re Electric Machinery Enterprises, Inc.)*, 2007 WL 548781 (11th Cir. Feb. 23, 2007). The Eleventh Circuit stated as follows:

> The [Federal Arbitration Act] establishes a federal policy favoring arbitration. However, "[l]ike any statutory directive the Arbitration Act's mandate may be overridden by a contrary congressional command." "Thus, unless Congress has clearly expressed an intention to preclude arbitration of the statutory claim, a party is bound by its agreement to arbitrate." The party opposing arbitration

---

[1] The plaintiffs cannot have it both ways. They cannot couch the action as a counterclaim to a proof of claim (for purposes of the statute of limitations) and at the same time exclude the damages claimed by the other party to the action (for purposes of opposing arbitration).

5

has the burden of proving "that Congress intended to preclude a waiver of a judicial remedies [sic] for [the particular claim] at issue."

*Id.* at *3 (citations omitted). The Eleventh Circuit applied a three-factor test set forth by the Supreme Court to determine whether Congress intended the Bankruptcy Code to preclude a waiver of judicial remedies. The test requires a court to examine "(1) the text of the statute; (2) its legislative history; and (3) "whether 'an inherent conflict between arbitration and the underlying purposes [of the statute]' exists." *Id.*

The Eleventh Circuit found "no evidence within the text or in the legislative history that Congress intended to create an exception to the FAA in the Bankruptcy Code." *Id.* Applying the third factor, the court held that

> [i]n general, bankruptcy courts do not have the discretion to decline to enforce an arbitration agreement relating to a non-core proceeding. However, even if a proceeding is determined to be a core proceeding, the bankruptcy court must still analyze whether enforcing a valid arbitration agreement would inherently conflict with the underlying purposes of the Bankruptcy Code.

*Id.* A core proceeding "involves a right created by the federal bankruptcy law" or is one that would arise only in bankruptcy." *Id.* (citing *Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1349, 1348 (11th Cir. 1999). The Bankruptcy Code contains a non-exhaustive list of core proceedings. *See* 28 U.S.C. § 157(b)(2)(A)-(P).

The instant TILA action is not a right created by the federal bankruptcy law. Nor is it a proceeding that would arise only in bankruptcy. The plaintiffs could have brought this action outside of bankruptcy. Therefore the defendant contends that this is not a core proceeding. The plaintiffs, however, contend that it is a core proceeding because it falls within a category of core proceedings listed in 28 U.S.C. § 157(b):

"counterclaims by the estate against persons filing claims against the estate." 28 U.S.C. § 157(b)(2)(C).

The court finds it unnecessary to resolve this dispute because even if this is a core proceeding, arbitration of the proceeding would not inherently conflict with the underlying purposes of the Bankruptcy Code for the following reasons. First, there is no bankruptcy purpose to be served by resolving both the claim and alleged counterclaim in the bankruptcy court. The plaintiffs have not objected to the defendant's proof of claim, and resolution of the TILA action involves a different set of facts and law than the proof of claim.

Second, core jurisdiction obtained through 28 U.S.C. § 157(b)(2)(C) is one of the most tenuous types of core jurisdiction a bankruptcy court can exercise because the matter may neither arise in or under the bankruptcy case. But for the counterclaim designation, the TILA action would be a non-core proceeding merely "related to" the chapter 13 case. *See* 28 U.S.C. § 1334(b) and 157(c)(1). It raises issues solely of non-bankruptcy federal law.

Third, resolution of the action through arbitration will not interfere with the plaintiffs' attempted rehabilitation through this chapter 13 case. If the plaintiffs recover on the TILA claim, the recovery will reduce the allowed claim of the defendant and possibly increase the amount distributed to other creditors. "But these same results will occur whether the recovery is awarded by this Court or an arbitrator. It cannot be seriously argued that the outcome of this adversary proceeding will have a material impact on the Plaintiff's Chapter 13 case or her creditors, other than [the defendant]." *Cooley v. Wells Fargo Financial (In re Cooley)*, Adv. No. 06-40122, 2007 WL 512758, at *6 (Bankr. N.D. Ala. Feb. 14, 2007). Any minimal impact is "not sufficient to override the FAA's mandate and the national policy favoring enforcement of arbitration agreements." *Rozell v. CitiFinancial Auto Corp. (In re Rozell)*, 357 B.R. 638 (Bankr. N.D. Ala. 2006).

By separate order, the motion to amend the complaint will be granted, and the motion to compel arbitration will be granted.

Done this 16th day of April, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Court

c: Cameron A. Metcalf, Attorney for Plaintiffs
Janine L. Smith, Attorney for Defendant